UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

RICHARD P. HOBBS,                    :

                    Plaintiff,       :    10 Civ. 5717 (SHS)(HBP)

     -against-                       :    OPINION
                                          AND ORDER
POLICE OFFICERS OF THE CITY          :
OF NEW YORK, et al.,
                                     :

                    Defendants.      :
                                     :
----------------------------------X


          PITMAN, United States Magistrate Judge:


I.   Introduction


          Plaintiff pro se commenced this action pursuant to 42

U.S.C. § 1983 alleging that the defendants have infringed his

right to freedom of speech.  By motions filed on March 27, 2013

(Docket Item 57) and March 29, 2013 (Docket Item 58), plaintiff

moves for leave to amend his complaint and to compel discovery.

For the reasons set forth below, both motions are denied.


II.  Facts


          The facts underlying plaintiff's claims were succinctly

set forth by the Honorable Sidney H. Stein, United States Dis-

trict Judge, in his September 20, 2012 Order denying plaintiff's

motions[1] for summary judgment:

> Plaintiff alleges that he works as a "busker,"
> also known as a street performer.  In pretrial confer-
> ences and other proceedings, plaintiff describes his
> work as consisting primarily of appearing in public
> places in Manhattan to perform and pose for pictures;
> plaintiff wears extremely long, braided grey-white hair
> and presents a unique appearance.  Plaintiff claims
> that he engages passers-by in conversation, frequently
> about current events, and that after such conversa-
> tions, the passers-by often seek to take a photograph
> with plaintiff.  Plaintiff generally agrees and seeks a
> cash contribution from the passer-by, and some oblige.
> Plaintiff does not provide photographs of himself or
> any other tangible product.  Nor does he provide a
> camera or any other equipment to be used in connection
> with the foregoing activity.

> Plaintiff alleges that the New York City Police
> Department ("NYPD") regards the foregoing to constitute
> vending activity for which a "Certificate of Authority"
> to collect sales tax is required, and that the NYPD has
> arrested or threatened to arrest plaintiff and others
> for engaging in the foregoing activity without a Cer-
> tificate.  The City agrees that, pursuant to New York
> State Tax Law Section 1817(a) and 1817(d)(1), no Cer-
> tificate is required if, as plaintiff contends, he
> merely seeks a gratuity and does not sell a service or
> tangible property. (Tr. of Conference dated Sept.
> 20,2011 at 3:12-22; Dkt. No. 49.)  Plaintiff contends
> that, notwithstanding the parties' agreement on the
> law, members of the NYPD have threatened him with
> arrest for busking without a Certificate of Authority,
> and that defendants have thus criminalized constitu-
> tionally protected speech and chilled his First Amend-
> ment rights.

---

[1] Judge Stein construed both Docket Item 32, in which
plaintiff sought an injunction, and Docket Item 41, in which
plaintiff sought damages, as motions for summary judgment (see
Docket Item 52 at 1).

(Docket Item 52 at 1-2).  As a result of this litigation, defen-
dants have issued a message to all New York City Police  Officers
to clarify that plaintiff's conduct does not require a Certifi-
cate of Authority (Docket Item 30).

III.  <u>Analysis</u>

    A.  <u>Motion to Compel</u>

    In a lengthy e-mail to defendants' counsel dated
February 12, 2013, plaintiff made the following discovery demand:

> Since [I] can't afford to do [a] deposition and the
> city wants me to settle in the dark, not knowing what
> the fair amount to ask for is[,] then [I] see two
> alternatives[:] either the city provides me with ade-
> quate facts about other settlements so [I] can ask for
> a rea[s]onable amount, and a fair punitive damages
> amount that gives respect to my profes[s]ion and its
> value or [I] shall have to amend the complaint to
> include all the actors I'm aware of who partici[p]ated
> in preventing me from enjoying my rights.

(E-mail from Mr. Richard Hobbs, dated Feb. 12, 2013, annexed as
Ex. 1 to Declaration of Nicholas R. Ciappetta in Opposition to
Motion to Compel, dated Apr. 9, 2013 (Docket Item 62)("Ciappetta
Decl."), at 3).  Construing this statement as a Rule 34 request
for the production of "a list of cases with similar facts settled
by the City," defendants objected to the request as irrelevant
and unduly burdensome (Letter, dated Feb. 21, 2013, annexed as
Ex. 2 to Ciappetta Decl., at 1).  On March 29, 2013, plaintiff

filed a document entitled "Motion to compel the Defendants
attorney [sic] to provide discovery evidences and informations
[sic].  Also what the Plaintiff intends to do at trial to show
the defendants were wrong in chilling his rights and enforcing an
illegal law against him" (Docket Item 58).  Plaintiff's purported
motion to compel is largely a circuitous discussion of the merits
of plaintiff's case and the various evidence plaintiff believes
would support the claims (see generally Docket Item 58).  How-
ever, at one point, plaintiff states, in boldface type, that

> The Defendant's lawyer seems to feel that the
> Plaintiff is not asking for the right things in the
> right way.  The Plaintiff so far has asked for only one
> set of information from the Defendants attorney.  The
> information that is contained in the City of New York's
> files records and documents and which some one in the
> city knows as a person who tends to and knows about
> such settlements that might be related to this case.
> The defense attorney refused to provide any such infor-
> mation which the plaintiff now asks the court to tell
> the defendants lawyer to provide.  And which the city
> of New York knows about that can help determine what
> should be an equitable amount of payment to the Plain-
> tiff for the various aspects which the Plaintiff may be
> just to ask for.

(Docket Item 58 at 4).  Defendants, assuming that this passage
constituted a motion to compel with respect to the settlement-
related discovery referenced in plaintiff's February 12 e-mail,
again objected to such discovery as irrelevant and unduly burden-
some (Docket Item 61).

"While courts in this Circuit disagree as to the standard that applies to the discovery of settlement agreements, the majority hold that the required showing of relevance is no higher for settlements than it is for the discovery of other kinds of information." King Cnty., Wash. v. IKB Deutsche Industriebank AG, 09 Civ. 8387 (SAS), 2012 WL 3553775 at *1 (S.D.N.Y. Aug. 17, 2012) (Scheindlin, D.J.). Here, even if no heightened showing is required, plaintiff is still unable to meet the basic threshold of Rule 26(b), because the discovery he seeks is plainly irrelevant.

Federal Rule of Evidence 408 provides that evidence of compromise offers and negotiations are not admissible to show "the validity or amount of a disputed claim." Fed.R.Evid. 408(a). While "it is true that Rule 408 applies to admissibility not discoverability of settlement agreements," A & E Television Networks, LLC v. Pivot Point Entm't, LLC, 10 Civ. 9422 (PGG) (JLC), 2011 WL 6778469 at *2 (S.D.N.Y. Dec. 20, 2011) (Cott, M.J.), plaintiff seeks such settlement agreements for no other purpose than that which Rule 408 expressly prohibits, i.e., to establish the value of his claim. Thus, his request neither seeks admissible evidence nor is it "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

5

Even if plaintiff did not intend to offer other settlement agreements as evidence at trial, however, they would still be irrelevant.  Plaintiff essentially makes his living as an entertainer,[2] and courts have long recognized that damages for interfering with an entertainment business are uniquely resistant

---

[2] Plaintiff stated as much during an August 11, 2011 conference held before Judge Stein:

> THE COURT:    So, I'm not trying to put words in your mouth, certainly I'm just trying to get a mental image of what it is that you do.  Is it fair then for me to say that you're a street entertainer, and that you try, in your view, your intention is to convey a message of the ineptitude of government. Is that --
>
> MR. HOBBS:    I would say in most cases. Sometimes I'm just making people laugh and entertaining, but other times I'm not.
>
> THE COURT:    So sometimes it is pure entertainment.
>
> MR. HOBBS:    Well --
>
> THE COURT:    Is that right?
>
> MR. HOBBS:    Yes.
>
> THE COURT:    And other times it has a political message, in your view.
>
> MR. HOBBS:    Yes.  Of course the entertainment has a message also.  You know, whatever it is, it is a message to make people laugh. It's speech and it is expression.

(Transcript of Proceedings Held on Aug. 11, 2011 (Docket Item 27)("Aug. 11 Trans."), at 7).

to proof by comparison.  See <u>Schonfeld v. Hilliard</u>, 218 F.3d 164,
174 (2d Cir. 2000) ("Subject as they are to the changing whims
and artistic tastes of the general public, claims for profits
lost in unsuccessful entertainment ventures have received a
chilly reception in the New York courts.").  The singular nature
of plaintiff's services, combined with the different factual
circumstances giving rise to other settlement agreements, renders
the probative value of such agreements negligble.  The fact that
settlement agreements are often motivated by concerns other than
the merits of the underlying claims further attenuates the
relevance of such agreements to the value of plaintiff's claims.

     Accordingly, plaintiff's motion to compel the produc-
tion of settlement agreements entered into between the City and
other plaintiffs is denied.

   B.   <u>Motion to Amend</u>

     In a conference held on August 11, 2011, Judge Stein,
after denying plaintiff's motion for a temporary restraining
order and preliminary injunction, gave plaintiff the following
admonition:

          If the case goes forward, I'm going to want you to
          file an amended complaint that has, with specificity,
          what you told me today.  In other words, exactly what
          you do, you put on a performance that you believe has a
          political point of view, that you don't charge anybody,

but of course you accept money for your performance.
And then in the complaint say specifically what and who
has told you they're going to arrest you.  So be more
specific in your amended complaint.

And because there is an amended complaint coming,
I'm going to dismiss the defendant's motion for judg-
ment on the pleadings without prejudice to its renewal
if it so chooses based on the amended complaint.

(Aug. 11 Trans. at 20).  On March 27, 2013, after approximately a

year and a half, plaintiff moved to amend his complaint, owing

his delay in doing so to being "disabled and emotionally dis-

turbed" (Motion to Amend Complaint, dated March 27, 2013 (Docket

Item 57), at 1).  Plaintiff's proposed amended complaint, at-

tached to his motion to amend, includes scores of new defendants

as well as a protracted discussion of the Constitution, federal

and state government, and plaintiff's frustration with this

litigation and the legal system generally (Proposed Amended

Complaint, dated Mar. 27, 2013 ("Prop. Am. Compl."), annexed to

Docket Item 57, at 1-20).  Specifically, plaintiff's proposed

amended complaint consists of two parts.  The first part lists

the proposed new defendants.  Oddly, this portion of the com-

plaint names only two individuals: New York City Mayor Michael

Bloomberg and Robert Burck, the street entertainer also known as

the "Naked Cowboy."[3]  The police officers who allegedly had

---

[3] The precise nature of Burck's street performances is
(continued...)

8

direct contact with plaintiff are not named.  A number of the parties described by plaintiff clearly had nothing to do with the alleged violations of plaintiff's rights.  For example, plaintiff seeks to assert claim against the following, among others:

- Unidentified police officers who cited or arrested another street performer identified only as "Russian Man"

- The judge who presided over the "Russian Man's" case

- The New York City's Police Commissioner

- The New York City Public Advocate

- Each member of the New York City Council

- The New York State Department of Taxation

- The New York State Attorney General

- The entire New York City Law Department

- The employees of the Special Investigation Unit of the Civil Rights Division of the United States Department of Justice

- Street performers who applied for a Certificate of Authority

- Various newspapers, television and radio stations

The balance of the proposed amended complaint is approximately 13 pages long and is little more than a rambling

---

[3](...continued)
described in Burck v. Mars, Inc., 571 F. Supp. 2d  446 (S.D.N.Y. 2008) (Chin, the D.J., now Cir. J.).

diatribe on the putative rights of "buskers." For example, at
page 13 of the proposed amended complaint, plaintiff states:

> Unfortunately if you read the case study law on the
> constitution and these issues you think oh we are well
> protecting liberty. We are preventing the city form
> [sic] using the color of law to steal away our rights.
> But when you go to the streets to try and do what the
> courts have said you can do the city shows up one way
> or another way stops you. In each case they are vio-
> lating civil rights under color of law.
>
> They are not trying to enforce a law that is needed
> they are trying to prevent our enjoyment of free lib-
> erty. If that is not what they are trying to do it is
> what they cause to happen. Most citizens including
> most who might read this are in the class of persons
> who are a part of the class that the city (meaning city
> employees) is a part of [sic]. You don't really care
> what the state of the constitution is and if we in fact
> actually have the liberty we say we have. We are a
> corrupt society and we support and encourage our gov-
> ernment's wrongdoings as long as it does not interfere
> with our daily lives.
>
> In time this sort of inattention to our liberties
> allows evil persons to use the government to do things
> like endorse slavery and other wrong doings and allows
> person like Hitler to come to power and take all of our
> rights and liberties from us in the name of economic
> success. Which it never brings. It just brings more
> totalitarian evil.
>
> When a busker whose civil rights have been violated
> brings an action to the federal courts basically the
> response of the courts is and has been, that yes our
> rights have been violated. Your rights are priceless.
> But we do not know as judges how to put a dollar value
> on something that is priceless, we will give you a
> dollar or some small amount as a token of the fact that
> you have been harmed or a few thousand dollars. Every-
> one else and everything else they can find a dollar
> value for that has more meaning and more ability to
> make the evil doers thinks that they should change

their use of the color of law to violate civil rights.
But because I am a poor slob and they the judges are
part of the class of persons the city is a part of (the
government workers) they side with them.  That allows
this evil to go on and only a few of us buskers are
doing anything to try to change it and we are all left
to be impoverished because of it.

The remainder of the proposed amended complaint is similar -- a

prolix discourse asserting that the attempt to impose a sales tax

on buskers or otherwise interfere with them presages nothing less

than a totalitarian Orwellian state.

Defendants oppose plaintiff's motion on the grounds of

undue delay, prejudice and futility (Defendants' Memorandum of

Law in Opposition to Plaintiff's Motion for Leave to File an

Amended Complaint, dated Apr. 9, 2013 (Docket Item 59)).  For the

reasons set forth below, I conclude that granting plaintiff leave

to file his amended complaint would be futile.

The standards applicable to a motion to amend a plead-

ing are well settled and require only brief review.  In general,

a motion to amend is governed by Fed.R.Civ.P. 15(a), which

provides that leave to amend should be freely granted when

justice so requires.  Fed.R.Civ.P. 15(a); Foman v. Davis, 371

U.S. 178, 182 (1962); McCarthy v. Dun & Bradstreet Corp., 482

F.3d 184, 200 (2d Cir. 2007); Aetna Cas. & Sur. Co. v. Aniero

Concrete Co., 404 F.3d 566, 603 (2d Cir. 2005); Dluhos v. Float-

ing & Abandoned Vessel, Known as "New York", 162 F.3d 63, 69 (2d

Cir. 1998); Satchell v. Dilworth, 745 F.2d 781, 785 (2d Cir.
1984) (a pro se litigant in particular "should be afforded every
reasonable opportunity to demonstrate that he has a valid
claim"); Gumer v. Shearson, Hammill & Co., 516 F.2d 283, 287 (2d
Cir. 1974).  "Nonetheless, the Court may deny leave if the
amendment (1) has been delayed unduly, (2) is sought for dilatory
purposes or is made in bad faith, (3) the opposing party would be
prejudiced, or (4) would be futile." Lee v. Regal Cruises, Ltd.,
916 F. Supp. 300, 303 (S.D.N.Y. 1996) (Kaplan, D.J.), aff'd, 116
F.3d 465 (2d Cir. 1997); see McCarthy v. Dun & Bradstreet Corp.,
supra, 482 F.3d at 200; Ellis v. Chao, 336 F.3d 114, 126-27 (2d
Cir. 2003); Montefiore Med. Ctr. v. Am. Prot. Ins. Co., 00 Civ.
3235 (LTS)(MHD), 2003 WL 21108261 at *1 (S.D.N.Y. May 14, 2003)
(Swain, D.J.); Am. Home Assur. Co. v. Jacky Maeder (Hong Kong)
Ltd., 969 F. Supp. 184, 187-88 (S.D.N.Y. 1997) (Kaplan, D.J.).[4]

---

[4] To the extent that a proposed amendment would add new
parties, the motion is technically governed by Rule 21, which
provides that "the court may at any time, on just terms, add or
drop a party," rather than Rule 15(a). Fed.R.Civ.P. 21; FTP
Corp. v. Banker's Trust Co., 954 F. Supp. 106, 109 (S.D.N.Y.
1997) (Stein, D.J.).  However, "'the same standard of liberality'
applies under either Rule."  FTP Corp. v. Banker's Trust Co.,
supra, 954 F. Supp. at 109, citing Fair Hous. Dev. Fund Corp. v.
Burke, 55 F.R.D. 414, 419 (E.D.N.Y. 1972) and Expoconsul Int'l,
Inc. v. A/E Sys., Inc., 145 F.R.D. 336, 337 n.4 (S.D.N.Y. 1993)
(Preska, D.J.); see also Sly Magazine, LLC v. Weider Publ'ns
L.L.C., 241 F.R.D. 527, 532 (S.D.N.Y. 2007) (Casey, D.J.);
Chowdhury v. Haveli Rest., Inc., 04 Civ. 8627 (RMB)(JCF), 2005 WL
(continued...)

A proposed amendment is futile when it fails to state a claim.  Health-Chem Corp. v. Baker, 915 F.2d 805, 810 (2d Cir. 1990); Mina Inv. Holdings Ltd. v. Lefkowitz, 184 F.R.D. 245, 257 (S.D.N.Y. 1999) (Sweet, D.J.); Parker v. Sony Pictures Entm't, Inc., 19 F. Supp. 2d 141, 156 (S.D.N.Y. 1998) (Kaplan, D.J.), aff'd in pertinent part, vacated in part on other grounds sub nom., Parker v. Columbia Pictures Indus., 204 F.3d 326 (2d Cir. 2000); Yaba v. Cadwalader, Wickersham & Taft, 931 F. Supp. 271, 274 (S.D.N.Y. 1996) (Koeltl, D.J.); Prudential Ins. Co. v. BMC Indus., 655 F. Supp. 710, 711 (S.D.N.Y. 1987) (Sweet, D.J.); see generally Dluhos v. Floating & Abandoned Vessel Known as "New York", supra, 162 F.3d at 69-70.  The party opposing the amendment has the burden of demonstrating that a proposed amendment would be futile.  Staskowski v. Cnty. of Nassau, 05 Civ. 5984 (SJF)(WDW), 2007 WL 4198341 at *4 (E.D.N.Y. Nov. 21, 2007); see also Lugosch v. Congel, No. 00 Civ. 784 (RFT), 2002 WL 1001003 at *1 (N.D.N.Y. May 14, 2002).

A proposed amendment may be denied as futile "where the claim or defense proposed to be added has no colorable merit." Oliver v. DeMarinis & Co., 90 Civ. 7950 (SS), 1993 WL 33421 at *2 (S.D.N.Y. Jan. 29, 1993) (Lee, M.J.) (inner quotations omitted);

---

[4](...continued)
1037416 at *1-*2 (S.D.N.Y. May 3, 2005) (Francis, M.J.).

13

see also Ryder Energy Distrib. Corp. v. Merrill Lynch Commodi-
ties, Inc., 748 F.2d 774, 783 (2d Cir. 1984) (if the movant has
"colorable grounds for relief," justice requires that leave to
amend be granted in the absence of undue delay, bad faith, or
prejudice).  The "'colorable grounds' requirement mandates that a
district court may not deny a motion for leave to amend a plead-
ing [on futility grounds] when said pleading is sufficient to
withstand a motion to dismiss under Federal Rule of Civil Proce-
dure 12(b)(6)." Children First Found. Inc. v. Martinez, No. 04
Civ. 0927 (NPM), 2007 WL 4618524 at *5 (N.D.N.Y. Dec. 27, 2007),
citing in part Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d
229, 244 (2d Cir. 2007); see also Estate of Ratcliffe v. Pradera
Realty Co., 05 Civ. 10272 (JFK), 2007 WL 3084977 at *4 (S.D.N.Y.
Oct. 19, 2007) (Keenan, D.J.); Journal Publ'g Co. v. Am. Home
Assur. Co., 771 F. Supp. 632, 635 (S.D.N.Y. 1991) (Leisure,
D.J.); Prudential Ins. Co. v. BMC Indus., Inc., supra, 655 F.
Supp. at 711.  In assessing whether  a proposed amended pleading
is futile, the court must assume the truth of the factual allega-
tions set forth in the proposed amended pleading. Edwards v.
City of N.Y., 07-CV-5286 (CPS)(RML), 2009 WL 1910740 at *1
(E.D.N.Y. June 29, 2009); Da Cruz v. Towmasters of N.J., 217
F.R.D. 126, 128 n.1 (E.D.N.Y. 2003); Binder v. Nat'l Life of Vt.,
02 Civ. 6411 (GEL), 2003 WL 21180417 at *2 (S.D.N.Y. May 20,

14

2003) (Lynch, then D.J., Cir. J.); <u>Gabourel v. Bouchard Transp.</u>
<u>Co.</u>, 901 F. Supp. 142, 144 (S.D.N.Y. 1995) (Chin, then D.J., now
Cir. J.).

        In evaluating a motion under Rule 12(b)(6), the court
must determine whether the plaintiff has alleged any facially
plausible claims.  <u>See</u> <u>Virgil v. Town of Gates</u>, 455 F. App'x 36,
37 (2d Cir. 2012); <u>Smith v. NYCHA</u>, 410 F. App'x 404, 405-06 (2d
Cir. 2011).  A claim is plausible when its factual content
"allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged.  The plausibility
standard is not akin to a 'probability requirement,' but it asks
for more than a sheer possibility that a defendant has acted
unlawfully."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (cita-
tions omitted).  "Where a complaint pleads facts that are merely
consistent with a defendant's liability, it stops short of the
line between possibility and plausibility of entitlement to
relief."  <u>Ashcroft v. Iqbal</u>, <u>supra</u>, 556 U.S. at 696 (internal
quotations omitted).  Accordingly, "where the well-pleaded facts
do not permit the court to infer more than the mere possibility
of misconduct, the complaint has alleged -- but it has not
'show[n]' -- 'that the pleader is entitled to relief.'"  <u>Ashcroft</u>
<u>v. Iqbal</u>, <u>supra</u>, 556 U.S. at 679, <u>quoting</u> Fed.R.Civ.P. 8(a)(2).

The Court of Appeals has also repeatedly noted that the trial court has broad discretion in ruling on a motion to amend. See, e.g., Gurary v. Winehouse, 235 F.3d 792, 801 (2d Cir. 2000); Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel, 145 F.3d 85, 89 (2d Cir. 1998); Guzman v. Bevona, 90 F.3d 641, 649 (2d Cir. 1996); see generally Grace v. Rosenstock, 228 F.3d 40, 53-54 (2d Cir. 2000).

Here, plaintiff's proposed amended complaint fails for a number of reasons.  First, plaintiff's proposed amended complaint utterly fails to provide a "short and plain" statement of his claims.  Fed.R.Civ.P. 8(a)(2).  "Although courts must give pro se pleadings a liberal construction, 'the basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike.'"  Kingston v. Deutsch Bank Nat. Trust Co., 12-CV-6257, 2013 WL 1821107 (E.D.N.Y. Apr. 30, 2013), quoting Wynder v. McMahon, 360 F.3d 73, 79, n.11 (2d Cir. 2004).  "A complaint fails to comply with Rule 8(a)(2) if it is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'"  Strunk v. U.S. House of Representatives, 68 F. App'x 233, 235 (2d Cir. 2003), quoting Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).  Despite Judge Stein's admonition that any amended complaint contain greater factual detail, plaintiff's proposed amended complaint fails to provide

16

even the most basic factual information about plaintiff's claims,
such as information about specific incidents, conversations,
dates, individuals or the nature of the conduct in which plain-
tiff engages.  Given the length of the proposed amended complaint
-- twenty pages in contrast to the original complaint's single
page -- the omission of the precise information contemplated by
Judge Stein is inexcusable.  Instead of providing such informa-
tion, the proposed amended complaint is, in large part, an
extended diatribe on various perceived societal injustices,
exactly the type of complaint that is not permissible under the
Federal Rules of Civil Procedure.  See Prezzi v. Berzak, 57
F.R.D. 149, 151 (S.D.N.Y. 1972) (Pollack, D.J.) ("Complaints
which ramble, which needlessly speculate, accuse, and condemn,
and which contain circuitous diatribes far removed from the heart
of the claim do not comport with these goals and this system;
such complaints must be dismissed."); see also Yohalem v. Bruns-
wick Hall Corp., 12-CV-3706 (JS) (ETB), 2013 WL 2237577 at *3
(E.D.N.Y. May 17, 2013); Jones v. Trump, 96 Civ. 2995 (SAS), 1997
WL 277375 at *7-*8 (S.D.N.Y. May 27, 1997) (Scheindlin, D.J.)
amended on reconsideration in part, 971 F. Supp. 783 (S.D.N.Y.
1997) aff'd, 97-9017, 1998 WL 1967891 (2d Cir. Sept. 21, 1998);
Jones v. Capital Cities/ABC Inc., 874 F. Supp. 626, 628 (S.D.N.Y.
1995) (Sprizzo, D.J.);  Depperman v. Local 1199 Union, 91 Civ.

17

6696 (JFK), 1994 WL 225434 at *4-*5 (S.D.N.Y. May 25, 1994)
(Keenan, D.J.); Chodos v. F.B.I., 559 F. Supp. 69, 71-72
(S.D.N.Y. 1982) (Motley, D.J.) aff'd 697 F.2d 289 (2d Cir. 1982).

In addition to failing to comply with Rule 8, plain-
tiff's proposed amended complaint also fails to state cognizable
§ 1983 claims against any of the defendants.  "It is well settled
in this Circuit that personal involvement of defendants in
alleged constitutional deprivations is a prerequisite to an award
of damages under § 1983." Farid v. Ellen, 593 F.3d 233, 249 (2d
Cir. 2010)(quotation marks omitted).  Ashcroft v. Iqbal, supra,
556 U.S. at 676 ("Because vicarious liability is inapplicable to
. . . § 1983 suits, a plaintiff must plead that each Govern-
ment-official defendant, through the official's own individual
actions, has violated the Constitution."); Thomas v. Ashcroft,
470 F.3d 491, 496-97 (2d Cir. 2006); Wright v. Smith, 21 F.3d
496, 501 (2d Cir. 1994) (providing that to state a claim under §
1983, a plaintiff must allege personal involvement of a defen-
dant); Barbera v. Smith, 836 F.2d 96, 99 (2d Cir. 1987); Ellis v.
Blum, 643 F.2d 68, 85 (2d Cir. 1981); see also Hayut v. State
Univ. of N.Y., 352 F.3d 733, 753 (2d Cir. 2003) ("Evidence of a
supervisory official's 'personal involvement' in the challenged
conduct is required[ ]" to sustain a Section 1983 claim.).  The

Second Circuit has held that a state official's personal involvement in a federal civil rights violation can be shown by:

> (1) actual direct participation in the constitutional violation, (2) failure to remedy a wrong after being informed through a report or appeal, (3) creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such policy or custom to continue, (4) grossly negligent supervision of subordinates who committed a violation, or (5) failure to act on information indicating that unconstitutional acts were occurring.

Hernandez v. Keane, 341 F.3d 137, 145 (2d Cir. 2003), citing Colon v. Coughlin, supra, 58 F.3d at 873;[5] Avent v. New York, 157 F. App'x 375, 377 (2d Cir. 2005) (summary order); Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003); Lewis v. Fischer, 08 Civ. 3027 (JG)(LB), 2009 WL 689803 at *3 (E.D.N.Y. Mar. 12, 2009); Benitez v. Locastro, 04 Civ. 423 (NAM), 2008 WL 4767439 at *12 (N.D.N.Y. Oct. 29, 2008).  However, "mere 'linkage in the . . . chain of command' is insufficient to implicate a [supervisor] in a § 1983 claim."  Richardson v. Goord, 347 F.3d 431, 435 (2d

---

[5] The five factors set forth in the text for assessing personal involvement were first set forth in Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).  In Ashcroft v. Iqbal, supra, 556 U.S. at 677, decided in 2009, the Supreme Court rejected the argument that "a supervisor's mere knowledge of his subordinate's discriminatory purpose amounts to the supervisor's violating the Constitution."  There is, therefore, some question as to whether all of the Colon factors survive Iqbal.  See generally Aguilar v. Immig. & Customs Enforcement Div., 811 F. Supp. 2d 803, 814-15 (S.D.N.Y. 2011) (Koeltl, D.J.).  The Court of Appeals has acknowledged that this issue remains unsettled.  Reynolds v. Barrett, 685 F.3d 193, 205 n.14 (2d Cir. 2012).

Cir. 2003); <u>Johnson v. Wright</u>, 234 F. Supp. 2d 352, 363 (S.D.N.Y. 2002) (Gorenstein, M.J.) ("[T]he second example listed in <u>Colon</u> -- permitting supervisory liability where a 'defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong,' -- should not be too broadly con- strued."); <u>Morris v. Eversley</u>, 205 F. Supp. 2d 234, 241-42 (S.D.N.Y. 2002) (Chin, then D.J., now Cir. J.).  Thus, to impose supervisory liability, a plaintiff must allege that the official had "actual or constructive notice of the unconstitutional practices and demonstrate[d] gross negligence or deliberate indifference by failing to act."  <u>Merriwether v. Coughlin</u>, 879 F.2d 1037, 1048 (2d Cir. 1989) (internal quotation omitted).

        The principal problem with the proposed amended com- plaint is that it fails to allege the personal involvement of the newly added defendants in the alleged violation of plaintiff's rights.  The allegations against the newly added parties often amount to little more than the following conclusory passage: "Negligence, violation of Civil rights under Color of law failing to defending the Constitution of the United States and chilling the speech of Plaintiff.  Violating the Hobbs Act[6] in a way that

_____

        [6] The Hobbs Act, codified at 18 U.S.C. § 1951, is a criminal statute that prohibits interference with interstate commerce through robbery or extortion.  There is no private right of
                                                    (continued...)

harmed the Plaintiff's business" (see Prop. Am. Compl. at 1-6).
Even considering the leniency afforded to pro se plaintiffs,
there is simply no way to construe such vague language to allege
that any of the above-named parties deprived petitioner of his
first amendment rights, much less that any of the parties were
personally involved in doing so.  Accordingly, plaintiff has not
pled sufficient facts on which to predicate any § 1983 claims.

       Many of the other new claims plaintiff asserts in his
proposed amended complaint are defective for lack of subject
matter jurisdiction, and, at times, border on frivolous.  See
Scanlon v. Vermont, 423 F. App'x 78 (2d Cir. 2011) ("An action is
frivolous if it lacks an arguable basis in law or fact -- i.e.,
where it is 'based on an indisputably meritless legal theory' or
presents 'factual contentions [which] are clearly baseless.'").

       First, plaintiff asserts claims against the Attorney
General of the State of New York, the Inspector General of the
State of New York, the Special Investigations Unit of the Civil
Rights Division of the United States Department of Justice, and
the Attorney General of the United States (Prop. Am. Compl. at 5-
6).  According to plaintiff, these parties failed investigate and

---

       [6](...continued)
action under the Hobbs Act.  Barge v. Apple Computer, Inc., 164
F.3d 617 (2d Cir. 1998).

prosecute the other defendants, and should be compelled to do so (Prop. Am. Compl. at 5-6).  However, "[t]he doctrine of separation of powers precludes an individual from invoking the power of a court to compel the government to act on behalf of all members of society to vindicate the administration of justice."  <u>Matter of Appointment of Indep. Counsel</u>, 766 F.2d 70, 76 (2d Cir. 1985); <u>see also</u> <u>Cisneros v. Reno</u>, 95 Civ. 8205 (RPP), 1996 WL 18874 at *2 (S.D.N.Y. Jan. 19, 1996) (Patterson, D.J.), <u>quoting</u> <u>Linda R.S. v. Richard D.</u>, 410 U.S. 614, 619 (1973) ("A private citizen, like petitioner, 'lacks a judicially cognizable interest in the prosecution or nonprosecution of another.'").  Thus, these claims would not withstand a motion to dismiss.

Plaintiff's proposed amended also devotes considerable attention to an individual plaintiff identifies only as "Russian Man" (<u>see</u> Prop. Am. Compl. at 1).  Although plaintiff's pleading lacks specificity, it appears that Russian Man was another street performer who was subjected to prosecution for failing to possess a Certificate of Authority (<u>see</u> Prop. Am. Compl. at 1-2). Plaintiff seeks to assert claims against "[p]olice officers who cited or arrested Russian Man," "[s]upervisors of police officers who arrested Russian Man," the "Public Defender of the Russian Man," and the judge who oversaw Russian Man's case (Prop. Am. Compl. at 1-2).  However, "[t]o establish standing to assert a

claim on behalf of a third party, (1) a plaintiff must establish that he suffered an injury in fact, thus giving him or her a sufficiently concrete interest in the outcome of the issue in dispute, (2) the plaintiff must have a close relation to the third party, and (3) there must exist some hindrance to the third party's ability to protect his or her own interests." Weiss v. Inc. Vill. of Sag Harbor, 762 F. Supp. 2d 560, 571 (E.D.N.Y. 2011) (internal quotation marks omitted), citing Powers v. Ohio, 499 U.S. 400, 411 (1991).  Plaintiff offers nothing to show he meets any of these criteria.  Accordingly, to the extent plaintiff asserts claims on Russian Man's behalf, such claims would not survive a motion to dismiss.

Finally, plaintiff's proposed amended complaint seeks to assert unspecified claims against various media organizations, including the New York Times, New York Post, Daily News, WABC TV, WCBS TV, WNBC TV, and WINS AM (see Prop. Am. Compl. at 6-7).  The essence of plaintiff's claims is that these media organizations "fail[ed] to report [the] arrest and false conviction of the Russian man and the violations of the defendants in this case" (see Prop. Am. Compl. at 6).  These claims fail for, among other reasons, lack of standing.  "It is axiomatic that '[t]here are three Article III standing requirements:  (1) the plaintiff must have suffered an injury-in-fact; (2) there must be a causal

23

connection between the injury and the conduct at issue; and (3)
the injury must be likely to be redressed by a favorable deci-
sion.'" <u>Cooper v. U.S. Postal Serv.</u>, 577 F.3d 479, 489 (2d Cir.
2009), <u>quoting Kendall v. Employees Ret. Plan of Avon Prods.</u>, 561
F.3d 112, 118 (2d Cir. 2009).  Plaintiff alleges no injury
suffered as a result of the media defendants' failure to report
on the other defendants, and it is difficult to conceive of what
the nature of such an injury could possibly be.  More fundamen-
tally, however, federal law simply does not recognize the type of
claims plaintiff is seeking to assert.  The First Amendment's
guarantee of freedom of the press gives the news media -- and not
a court or a jury -- the right to determine which stories will be
reported.

     Thus, for the reasons stated above, plaintiff's motion
for leave to amend is denied on the ground that it is futile.


IV.  <u>Conclusion</u>

     Accordingly, for all the foregoing reasons, plaintiff's
motions to amend his complaint and to compel discovery (Docket

Items 57 and 58) are denied.  The Clerk of the Court is directed

to close both motions.

Dated:  New York, New York
        June 14, 2013

                              SO ORDERED

                              HENRY PITMAN
                              United States Magistrate Judge

Copies mailed to:

Mr. Richard Hobbs
Apt. #6
1 Caryl Avenue
Yonkers, New York  10705

Nicholas R. Ciappetta, Esq.
Assistant Corporation Counsel
City of New York
100 Church Street
New York, New York  10007