```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

RICHARD P. HOBBS,                      :

                Plaintiff,             :    10 Civ. 5717 (SHS)(HBP)

    -against-                          :
                                            OPINION AND
POLICE OFFICERS OF THE CITY            :    ORDER
OF NEW YORK, et al.,
                                       :
                Defendants.
                                       :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

I. Introduction

Plaintiff Richard P. Hobbs has filed seven purported cross-motions (Docket Items 74, 76, 77, 79-81 and 84) in response to defendants' motion for summary judgment (Notice of Motion for Summary Judgment, dated June 26, 2013 (Docket Item 67)). The New York City Police Department, former Mayor Michael Bloomberg, former Police Commissioner Raymond Kelly, the New York City Council Members and the City of New York oppose plaintiff's cross-motions on various grounds (Reply Memorandum of Law, dated July 19, 2013 (Docket Item 88)).

For the reasons set forth below, plaintiff's motions docketed as items 74, 76, 79-81 and 84 are denied and docket item 77 is granted for a limited purpose.

II. <u>Facts</u>

    A. <u>Background</u>

The facts giving rise to this action are set forth in my Report and Recommendation of even date, familiarity with which is assumed.

    B. <u>Present Motions</u>

In response to defendants' notice of motion for summary judgment, plaintiff filed the following cross-motions:

1. Statement of Plaintiff to Preserve Right to Submit a Second Amended Complaint, dated July 2, 2013 (Docket Item 74);

2. Motion for Hearing to Have Oral Argument, dated July 9, 2013 (Docket Item 76);

3. Motion for Court to Recognize Self Sworn Testimony of George Ciceron as an Affidavit in Support of Plaintiff's Claims, dated July 9, 2013 (Docket Item 77);

4. Motion for Court to Recognize as Depositions all Documents Submitted by Plaintiff and as Affirmations of Statements Within, dated July 9, 2013 (Docket Item 79);

5. Motion for Court to Notify the FBI of Alleged Copyright Infringement by the Defendants and 18 U.S.C. Section 241, 242 & 247 made by Plaintiff and the Court Also to Notify the Attorney General of United States and New York State of the Same, dated July 9, 2013 (Docket Item 80);

>     6. Motion to Object to Incorrect Answers Given by Plaintiff at Deposition and Correct Answers as They Should Have Been Said Accepted as True Answers, dated July 9, 2013 (Docket Item 81) and
>
>     7. Motion for Court to Appoint a Lawyer or a Team of Lawyers or Seek for Plaintiff Pro Bono Assistance or that the Attorney's will be Paid by Defendants, dated July 9, 2013 (Docket Item 84).

As I noted in my endorsement, dated July 16, 2013 (Docket Item 87 at 2), I deemed the foregoing documents to constitute plaintiff's response to defendants' motion and have considered the assertions contained therein in connection with defendants' motion for summary judgment. I address the merits of each of plaintiff's purported motions as follows.

III. Analysis

    A. Motion to Amend
       the Complaint

Plaintiff moves, once again, to amend the complaint (Docket Item 74).[1] On March 27, 2013, plaintiff made a prior application requesting leave to amend his complaint (Docket Item

---

[1] Specifically, plaintiff states that he intends to submit a "second amended complaint within 20 day[s] . . . much of which is contained [t]here[in]" (Docket Item 74 at 1). Despite six months having passed since plaintiff filed this motion, plaintiff has not supplemented this motion. As a result, I consider docket item 74, as it is, to constitute plaintiff's renewed motion to amend the complaint.

3

57). In an Opinion and Order, dated June 14, 2013 (Docket Item 66), I denied that motion, finding that granting plaintiff leave to file his amended complaint would be futile.

Unlike his earlier motion to amend, plaintiff now identifies the two police officers who allegedly placed the "Russian man" under arrest for busking without a Certificate of Authority ("COA") (Docket Item 74 at 10-11). However, having already considered those assertions in connection with plaintiff's opposition to defendants' motion for summary judgment, it is unclear what purpose amending the complaint to include these details would serve. Plaintiff does not seek to include the two police officers as defendants in this action and discovery is now closed, barring plaintiff from taking their depositions. The remainder of plaintiff's renewed application fails to remedy the defects of his first application. For example, plaintiff again seeks to amend the complaint to include defendants who have nothing to do with the alleged violation of plaintiff's rights, including the "Tax department" and "The AG of NY" (Docket Item 74 at 14, 15). And, the majority of the proposed amended complaint "is little more than a rambling diatribe on the putative rights of 'buskers,'" as was plaintiff's first proposed amended complaint (Docket Item 66 at 9-10).

4

Accordingly, for substantially the reasons stated in my Opinion and Order, dated June 14, 2013 (Docket Item 66 at 11-24), this motion is denied.

B.  Motion for
    Oral Hearing

Plaintiff's motion for an oral hearing (Docket Item 76) in connection with defendants' motion for summary judgment is denied.  Plaintiff has already been provided an opportunity to present his views to the court -- as indicated by the extensive number of documents he has filed in response to defendants' motion -- and I find no need for an oral hearing at this time. See McCall v. City of Danbury, 16 F. App'x 77, 80 (2d Cir. 2001) (oral hearing is not necessary in connection with a motion for summary judgment); AD/SAT, Div. Of Skylight, Inc. v. Associated Press, 181 F.3d 216, 226 (2d Cir. 1999) ("We have held that a district court's decision whether to permit oral argument rests within its discretion." (citation omitted)).

C.  Motion to
    Recognize Affidavit

Plaintiff moves for the "Court to Recognize [the] Self Sworn Testimony of George Ciceron as an Affidavit in Support of Plaintiff's Claims" (Docket Item 77).  Plaintiff has submitted

5

what he purports to be an affidavit from George Ciceron,[2] dated December 30, 2011, in which Ciceron attests to a conversation plaintiff had with police officers on December 30, 2011 regarding COAs (Docket Item 77 at 2).  Defendants argue that plaintiff's failure to identify Ciceron as a witness in his initial disclosures should preclude consideration of the affidavit, pursuant to Fed.R.Civ.P. 26(a)(1)(A)(i) and 37(c)(1) (Docket Item 88 at 3).

It does appear that plaintiff unjustifiably failed to disclose Ciceron as a potential witness in his initial disclosures (see Plaintiff's Rule 26(a)(1) Disclosures, annexed as Exhibit E to the Reply Declaration of Nicholas R. Ciappetta, dated July 19, 2013 (Docket Item 89)).  Fed.R.Civ.P. 37(c)(1) provides that a party that fails to identify a witness under Rule 26(a) may not rely on the testimony of that witness "unless the failure was substantially justified or is harmless."  See also Haas v. Del. & Hudson Ry. Co., 282 F. App'x 84, 85-86 (2d Cir. 2008).  "Failure to comply with [Fed.R.Civ.P. 26(a)(1)(A)(i)] is

---

[2]Plaintiff contends that the affidavit is a self-sworn affidavit.  However, the affidavit fails to conform with the requirements of 28 U.S.C. § 1746 in that it fails to certify that its content is being offered under "penalty of perjury."  28 U.S.C. § 1746 (1976); see Silverman v. Miranda, 918 F. Supp. 2d 200, 218 (S.D.N.Y. Jan. 4, 2013) (Jones, D.J.) (Section 1746 "mandates that a declaration executed within the United States certify that the contents is (1) true and correct; (2) offered under penalty of perjury; (3) dated; and (4) signed.").

harmless when there is no prejudice to the party entitled to the disclosure."  Am. Stock Exch., LLC v. Mopex, LLC, 215 F.R.D. 87, 93 (S.D.N.Y. 2002) (Scheindlin, D.J.) (inner quotation marks and citation omitted); accord Williams v. Boulevard Lines, Inc., 10 Civ. 2924 (DF), 2013 WL 5652589 at *3 (S.D.N.Y. Sept. 30, 2013) (Freeman, M.J.).

I have considered the contents of the Ciceron "Affidavit" in connection with defendants' motion for summary judgment. Because Ciceron's "Affidavit" does not affect the conclusions I reached in my Report and Recommendation, there is no prejudice to defendants from my consideration of it.[3]  Plaintiff's non-compliance is, thus, harmless in this instance, and I decline to preclude the purported affidavit.  Therefore, plaintiff's motion is granted to the extent that the Ciceron "Affidavit" is offered in opposition to defendants' motion for summary judgment.

    4.   Motion to Recognize
        Documents as Depositions

Plaintiff moves the court "to Recognize as Depositions all Documents Submitted by Plaintiff and as Affirmations of

---

[3]Notwithstanding my consideration of the purported affidavit, I conclude that defendants' motion for summary judgment should be granted regarding the time period and Monell claim addressed in the Ciceron "Affidavit".

Statements Within [sic]" (Docket Item 79). Essentially, plaintiff requests that the court deem all of his court papers filed in connection with this case to constitute sworn deposition testimony. There being no legal basis for this request, this motion is denied.

> 5. Motion to Notify
>    the Justice Department
>    and the FBI

Plaintiff next requests that the court "notify the Justice Department and the FBI of the defendants['] criminal acts in violation of 18 U.S.C. §§ 241, 242 & 247" (Docket Item 80). There is no legal basis for this request as well, and it too is denied.[4]

> 6. Motion to Object
>    to Deposition

Plaintiff next moves to "Object to Incorrect Answers Given by Plaintiff at Deposition and Correct Answers as They Should Have Been Said Accepted as True Answers [sic]" (Docket Item 81). Plaintiff contends that defendants' counsel confused him during his deposition by focusing on "busking" instead of the

---

[4] Plaintiff does, of course, remain free to make any truthful report to any federal agency that he deems appropriate.

actual issue, which plaintiff now argues is "posing for pictures for pay" (Docket Item 81 at 1). It is not clear whether this redefinition of the principal issue in the case substantively effects any of the claims or defenses. Moreover, plaintiff's contention that this action is not about "busking" is directly contradicted by his own deposition testimony (see Tr. of Deposition of Richard P. Hobbs, dated November 16, 2012 ("Hobbs Depo."), at 78, 107, portions of which are annexed as Exhibit C to the Declaration of Nicholas Ciappetta, Assistant Corporation Counsel, dated June 26, 2013 (Docket Item 70) and annexed to Plaintiff's Opposition, dated July 3, 2013 (Docket Item 73)).

In any event, Fed.R.Civ.P. 30(e) allows a deponent 30 days after being notified that the transcript of a deposition is available to submit a signed statement listing changes in the form or substance of the deponent's answers and the reasons for such changes. Here, defendants provided plaintiff with a courtesy copy of the transcript of plaintiff's deposition on February 21, 2013 (Letter from Nicholas Ciappetta to Richard P. Hobbs, dated February 21, 2013, annexed as Exhibit F to the Reply Declaration of Nicholas R. Ciappetta, dated July 19, 2013 (Docket Item 89)). Plaintiff did not submit any changes within the time period afforded under Fed.R.Civ.P. 30(e) and has not provided any explanation for his delay in attempting to amend his testimony.

9

Plaintiff's belated attempt to raise an issue of fact by submitting new testimony that contradicts his previous testimony is simply improper.  See Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 43 (2d Cir. 2000) ("[I]f a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." (inner quotation marks and citation omitted)).

Accordingly, this motion, too, is denied.  See Winston v. Marriott Intern., Inc., 03-CV-6321 (ARR)(JO), 2006 WL 1229111 at *6 (E.D.N.Y. May 8, 2006) ("Numerous courts have rejected changes to depositions when the procedural requirements of Rule 30(e) were not met.").

### 7. Application for Appointment of Counsel

Finally, plaintiff requests appointment of counsel (Docket Item 84).  In determining whether to grant a request for counsel, the Court must consider "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if

10

unassisted by counsel." Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989) (per curiam). Further, as the Court of Appeals for the Second Circuit opined:

> For many reasons courts should not grant such applications [for appointment of counsel] indiscriminately. Volunteer lawyer time is a precious commodity. Courts are given a major role in its distribution. Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. . . .
>
> \* \* \*
>
> A claim that could not command a lawyer's acceptance if possessed by an employed middle-class property owner should not command a pro bono lawyer. The poverty of the claimant may often be irrelevant to his ability to secure counsel. If the claim is promising and relates to an injury that can be expected to produce substantial damages, a contingency lawyer will often be motivated to take it regardless whether the claimant is indigent or has property.

Cooper v. A. Sargenti Co., Inc., supra, 877 F.2d at 172, 173.

If my Report and Recommendation is accepted, the only issue remaining in the case is whether the City's policy prior to November 2011 had a chilling effect on plaintiff's First Amendment rights. Given my recommendation, plaintiff has met the threshold requirement of showing "likely merit" on at least one claim. Cooper v. A. Sargenti Co., Inc., supra, 877 F.2d at 174. Plaintiff contends that he is indigent and that his efforts to reach out to attorneys on his own have been unsuccessful; how-

ever, he does not set forth details concerning his efforts to retain counsel (Docket Item 84 at 1).  In addition, plaintiff's lone surviving claim is not a particularly complex one and has been further narrowed by the restriction on the time period in issue; plaintiff does not allege that he cannot or is unable to pursue the remaining claim on his own.  See Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986) (listing factors for a trial judge to consider in assessing party's request for appointment of counsel, which includes the complexity of the legal issue).  Plaintiff merely argues that it would be "good for all persons that competent attorneys try" his case (Docket Item 84 at 1).

Finally, it appears unlikely that plaintiff's remaining claim "relates to an injury that can be expected to produce substantial damages."  Cooper v. A. Sargenti Co., Inc., supra, 877 F.2d at 173.  If the evidence shows that there is no reasonable probability that the City will return to its former practices, plaintiff's application for injunctive relief may well be moot.  See Allee v. Medrano, 416 U.S. 802, 810-11 (1974); Dodge v. Cnty. of Orange, 208 F.R.D. 79, 85 (S.D.N.Y. May 29, 2002) (McMahon, D.J.).  And, because plaintiff testified that he either does not accept any money for his busking or gives away any money that he may get (Hobbs Depo. at 109), there does not appear to be

any basis for an award of compensatory damages because plaintiff suffered no lost income.  Last, while plaintiff testified that he has felt "depressed and discouraged" as a result of defendants' actions (Hobbs Depo. at 94), awards for First Amendment chilling violations tend to be modest where the evidence of emotional distress is particularly weak, as is the case here.  See United Yellow Cab Drivers Ass'n, Inc. v. Safir, 98 Civ. 3670 (WHP), 2002 WL 461595 at *12 (S.D.N.Y. Mar. 22, 2002) (Pauley, D.J.) (awarding $250 each to plaintiffs who suffered "emotional distress" as a result of the chilling effect that City policy had on plaintiffs' First Amendment rights); see also Patrolmen's Benevolent Ass'n of N.Y. v. City of New York, 310 F.3d 43, 55 (2d Cir. 2005) ("A plaintiff's subjective testimony, standing alone, is generally insufficient to sustain an award of emotional distress damages" in Section 1983 case. (citations omitted)).

      Mindful of the Second Circuit's concern regarding the availability of resources and considering the factors set forth in Cooper, I deny plaintiff's application without prejudice to its renewal.  Any renewed application should address all of the factors listed above.

V. <u>Conclusion</u>

For all the foregoing reasons, plaintiff's motions are denied as meritless except that I grant his motion in docket item 77 for the limited purpose of having considered it in connection with defendants' motion for summary judgment.

The Clerk of Court is directed to close docket items 74, 76, 77, 79-81 and 84.

Dated:  New York, New York
        February 6, 2014

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Mr. Richard P. Hobbs
Apt #6
1 Caryl Ave.
Yonkers, New York  10705

Nicholas R. Ciappetta, Esq.
Assistant Corporation Counsel
City of New York
100 Church Street
New York, New York  10007

14